(Clark County, O., Probate Court.)

IN THE MATTER OF THE ESTATE OF F. C. RUNYAN.

F. C. R. filed an account as administrator of J. R., to which exceptions were filed by A. R., an heir at law.

Before the account was passed upon, F.

C. R. died, and J. R. qualified as his exec utrix, and as such filed a final account for F. C. R. as administrator of J. R. Similar exceptions were filed to the account by A. R. : Held, that A. R. was incompetent to testify in support of his exceptions.

--- ---

In the matter of the exceptions to the account of F. C. Runyan, deceased, administrator of John Runyan, deceased.

ROCKEL, J.

On June 27, 1889, F. C. Runyan, filed in this court his first account as administrator of John Runyan, deceased. On October 9, 1889, and before said account was passed upon. Alonzo Runyan, one of the heirs at law filed exceptions to the account, alleging among other things, the administrator was indebted to the estate in a large sum, which he has failed to charge himself with in the account. Neither the account nor the exceptions thereto were ever passed upon by the court. In June, 1891, F. C. Runyan, the administrator, died, and Georgiana Runyan was appointed and qualified as his executrix, and as such filed herein an account as such executrix of F. C. Runyan, administrator of John Runyan. Exceptions were also filed to this account by Alonzo Runyan. But they merely brought up the same matters that were set out in the exceptions to the first account. Alonzo Runyan offered himself as a witness which was objected to by executrix of the deceased administrator, claiming that under sec. 5142, he was incompetent.

Sec. 5242 provides:—A party shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is the executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee, of a deceased person"—and then follows a number of exceptions, none of which apply to the case at bar.

At common law, all the parties in interest or to the suit were not allowed to testify. And when this restriction was removed, it would have been very unjust to not have made some provision in the case of death, or incapacity of the one party, that his opponent could not testify. Where death seals the lips of deceased, the law will close the mouth of the living. They must however stand in an adverse position. The last clause of sec. 5242, further provides "and when a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied." Showing that a liberal construction should be given to the statute.

In Wolfe v. Powner, 30 Ohio St., 476, the supreme court say: "We all concur in the opinion, the parties intended to be excluded from testifying by this section are the real and not merely formal, nominal, and wholly unnecessary parties. This section only prohibits a party from testifying in an action where the adverse party

sustains certain relations or characters, or comes within certain specified descriptions. Whether the parties are adverse to each other or not, depends not on their mere position as plaintiffs or defendants in the case." Referring to Allen v. Miller, 11 O. S., 374, where it was held, (p.378), that the character of a party as adverse or otherwise, is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations as shown by his interests involved in the case.

It will therefore be held in this matter, that Alonzo Runyan is incompetent to be a witness, except as to facts which have occurred since the appointment of Georgiana Runyan as executrix of T. E. Runyan, of which there appears to be none in issue.

The rule here applied would also exclude all heirs, legatees or other parties in interest from testifying, adversely as to the matters contained in the deceased administrator's account.